UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHAUN HENNEKAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:24-CV-158-TAV-JEM |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's response [Doc. 10] to the Court's show cause order entered on July 25, 2024 [Doc. 9]. Plaintiff filed the instant complaint on April 4, 2024, and a summons was issued that same date as to the only remaining defendant, Experian Information Solutions, Inc. ("Experian") [Docs. 1, 2]. On July 25, 2024, the Court ordered plaintiff to show cause why he had not served Experian within the time set forth in Rule 4 of the Federal Rules of Civil Procedure [Doc. 9].

In response, plaintiff states that his counsel hired a private process server to serve Experian, but "the individual responsible was stuck in Europe due to cancelled flights" and "the recent national Crowdstrike IT issue had interfered with their normal operating procedures" [Doc. 10]. Plaintiff indicates that the private process server will serve Experian within one day [*Id.*].

Since more than 90 days have elapsed since plaintiff filed the complaint [Doc. 1], the Court construes his response to the show cause order as a request for extension of time to serve defendants. Federal Rule of Civil Procedure Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). While Rule 4(m) does not define "good cause," it generally means "a reasonable, diligent effort" at proper service. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (internal quotation omitted). Good cause may exist where "something outside the plaintiff's control prevents timely service." *Savoie v. City of E. Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022). Whether plaintiffs have established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999).

Here, the Court does not find that plaintiff has established good cause for failure to timely serve Experian. Because plaintiff filed his complaint on April 4, 2024, he had until July 3, 2024, to serve Experian in this case. *See* Fed. R. Civ. P. 4(m) (setting 90-day deadline for service). Plaintiff points to the global tech outage relating to CrowdStrike and Microsoft programs that resulted in significant air travel disruptions as cause for the delay in service [Doc. 10]. But the Court notes that this global tech outage occurred on July 19, 2024. *See Global tech outage delays flights and disrupts services around the world*, REUTERS, https://www.reuters.com/business/aerospace-defense/global-tech-outage-delays-flights-disrupts-services-around-world-2024-07-19 (July 19, 2024, 5:48 AM). Thus, this supposed cause of the delay in service occurred 16 days after the deadline for service had passed and is therefore not good cause for the delay.

2

Nevertheless, the Court will exercise its discretion under Rule 4(m) to order that service be made within a specified, albeit limited, time. Plaintiff is hereby **ORDERED** to serve defendant Experian in compliance with Rule 4 within **FIVE (5) DAYS** of the date of this order. Failure to do so may result in dismissal of this case under Rule 4(m).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
